No. 3442

Second Circuit

---

**BRYSON v. BRYSON**

---

(November 18, 1929. Opinion and Decree.)
(December 31, 1929. Rehearing Refused.)

---

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for plaintiff, appellee.

Hugh C. Fisher, of Shreveport, attorney for defendant, appellant.

ODOM, J. The plaintiff, Ed. V. Bryson, owned two tracts of land in the parish of Caddo, which he had purchased from his father, J. H. Bryson, as per the deeds filed in record, said land being near Waskom, Tex.; and just over the line in Louisiana.

In the year 1924, and for some years prior thereto, plaintiff lived in San Antonio, and the defendant, who is his brother, resided in Waskom, near the land. The land had been cultivated by tenants for a number of years; said tenants paying their rent to J. H. Bryson, the father of both plaintiff and defendant. When plaintiff purchased the land from his father—one tract in 1924, and the other in January, 1925—he made out two rent notes, one for the sum of $200, to be executed by the tenant, Cy Green, and one for $150, to be signed by another tenant, Ed. Jenks Hunter, for the rent of 1925; each of these notes being made payable to Ed. V. Bryson, the plaintiff. Plaintiff alleges that he sent both of these notes to the defendant, Jim Bryson, with the request that they be presented to the tenants for their signatures, and, when signed, returned to him; and that said notes were duly executed by the tenants, delivered to the defendant, who retained and collected them. He alleges and contends that the defendant, after collecting the amount of said notes, now refuses to remit the proceeds.

After this case was filed in this court, it was set for trial and all parties notified, but there has been no appearance here by any one representing the defendant, either to argue the case or by the submitting of briefs, and we are therefore without any suggestion as to what defense defendant relies upon.

Defendant's answer is a general denial, but in paragraph VIII thereof it is alleged "that whatever rents he collected on said premises he paid to the owner of the property, J. H. Bryson, until the date of his death and then to the administrator of the latter's succession, namely, John S. Bryson, and that plaintiff is entitled to no judgment whatsoever against defendant."

As already stated, the documentary evidence filed shows that plaintiff purchased the land cultivated by the tenants in 1925 from his father, J. H. Bryson, one tract in the latter part of 1924 and the other in the early part of January, 1925. J. H. Bryson died in September, 1925. It is perfectly clear, therefore, that the plaintiff, Ed. V. Bryson, was entitled to the rents for the year 1925. The testimony shows beyond question that the plaintiff sent said notes to defendant, and that defendant had them executed by the tenants and retained them until the fall of 1925. It seems from the drift of the testimony that defendant conceived the idea that these rents belonged to his father, and, for that reason, he erased the name of the payee, Ed. V. Bryson, in the Cy Green note, and instead inserted the name, J. H. Bryson, or "Jim Bryson." The name of the payee in the Hunter note was not changed.

When these notes were paid in the fall of 1925 by the tenants, the defendant turned the money over to John S. Bryson, who, on November 5, 1925, was appointed administrator of the succession of J. H. Bryson, in the county of Harrison, state of Texas, but who failed to qualify under the laws of Louisiana. The money was collected and turned over to John S. Bryson some time before he was appointed administrator in Texas.

As already stated, it is perfectly clear from the record that plaintiff was entitled to the rents on this property for the year 1925, and the defendant, having collected this money for plaintiff, is responsible for it, and must account for it under the obligation which he assumed as agent for plaintiff. Defendant, as a witness, stated that he should not be made to account for the proceeds of the note, for the reason that he had turned one of the notes

over to John S. Bryson for collection, and had turned over to him the proceeds of the other one. But that does not relieve him of his obligation to the plaintiff. Under the facts as disclosed by the record, the judgment of the lower court condemning him to pay to plaintiff the amount of these notes, together with interest, is correct.

The plaintiff also demands $200 for the rent of a certain tract of land which seems to have been occupied and used by the defendant himself during the year 1925. This demand was rejected by the district court, and counsel for plaintiff asks that the judgment be so amended as to allow this amount also. The testimony adduced did not satisfy the district judge that plaintiff should recover on this item, nor does it satisfy us. It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, with costs in both courts.